UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | AD23-00259 PSG | Date | November 15, 2023 |
|---|---|---|---|
| Title | In re Benjamin S. Nachimson | | |

| Present: The Honorable | Philip S. Gutierrez, Chief United States District Judge |
|---|---|
| Kelly Davis | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings (In Chambers):**   Order of Suspension

On September 8, 2023, the Court issued an Order to Show Cause directing Respondent Benjamin S. Nachimson to show cause why he should not be suspended from the practice of law before this Court as a result of his suspension from the practice of law by the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"). Dkt. # 1. Respondent filed a timely response contesting the imposition of reciprocal discipline. Dkt. # 2 ("*Resp.*"). Having read and considered Respondent's response and the record of the Bankruptcy Court disciplinary proceeding, the Court **SUSPENDS** Respondent from the Bar of this Court.

I.   Background

   A.   Bankruptcy Court Disciplinary Proceeding

Respondent has not submitted the complete certified record of his Bankruptcy Court disciplinary proceeding as required by Local Rules. *See* Local Rule 83-3.2.3. Respondent has submitted only the Bankruptcy Court's memorandum of decision imposing the suspension. *Resp.* 1:21–26. Respondent contends that he should not be required to present the entire record because the decision represents the entire basis for his suspension. *Id.* Per Respondent's request, the Court will allow the memorandum of decision to serve as the record of the Bankruptcy Court disciplinary proceeding for purposes of this Order. The Court will rely on the findings in the memorandum of decision in summarizing the Bankruptcy Court disciplinary proceeding because those findings are entitled to a "presumption of correctness." *In re Rosenthal*, 854 F.2d 1187, 1188 (9th Cir. 1988). Respondent has demonstrated no basis to rebut that presumption. *See Resp.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00259 PSG | Date | November 15, 2023 |
|---|---|---|---|
| Title | In re Benjamin S. Nachimson | | |

*i.   Procedural Background*

On March 29, 2023, the Honorable Barry Russell initiated the disciplinary proceeding against Respondent by filing a Statement of Cause that set forth the basis for the disciplinary referral and a suggestion of appropriate discipline.  *Resp. Ex. 1* (Memorandum of Decision), Dkt. # 2-1 ("*Mem. of Decision*"), 1:25–3:2.  A panel of three bankruptcy judges were designated to hear the matter.  *Id.*  On April 27, 2023, a Notice of Assignment of Hearing Panel, the Bankruptcy Court's General Order governing disciplinary proceedings, and the Statement of Cause were served on Respondent.  *Id.*  On May 22, 2023, Respondent and the Office of the United States Trustee ("USTO") were served with notice of when the disciplinary hearing would be held.  *Id.*

The USTO subsequently filed its notice of intent to appear at the hearing and a request for judicial notice in support of the Statement of Cause.  *Id.*  Respondent filed a response to the notice of disciplinary hearing.  *Id.*  In the response, Respondent stated the alleged facts in the Statement of Cause were correct, and he initiated multiple bankruptcies to avoid foreclosure on his personal residence and for the purpose of allowing him time to negotiate a new loan.  *Id.* at 7:21–8:10.

On July 24, 2023, the disciplinary hearing was held and Respondent and the USTO trial attorney appeared.  *Id.* at 3:1–2.  During the disciplinary hearing, Respondent again did not contest the facts alleged.  *Id.* at 8:12–19.  He requested mercy from the Court for his actions, but also stated that he understood if the Court were to proceed with the discipline recommended by Judge Russell.  *Id.*  The USTO supported the discipline recommended by Judge Russell.  *Id.*

On September 5, 2023, the Bankruptcy Court issued its decision suspending Respondent from the practice of law before the Bankruptcy Court for two years because it found that Respondent engaged in a pattern of abusive behavior by filing bankruptcy petitions for an improper purpose in violation of Federal Rule of Bankruptcy Procedure 9011(b)(1).  *Id.* at 10:13–18.

*ii.   Factual Background*

The Bankruptcy Court found Respondent was the attorney of record for ten personal and corporate bankruptcies, which he brought on behalf of himself, his wife, and a corporation he created.  *Id.* at 3:3–7:19.  The Bankruptcy Court found the facts made a strong showing that Respondent engaged in a pattern of abusive filings for the purpose of hindering and delaying creditors' enforcement actions relating to his personal residence.  *Id.* at 9:18–10:18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00259 PSG | Date | November 15, 2023 |
|---|---|---|---|
| Title | In re Benjamin S. Nachimson | | |

First, the Bankruptcy Court found Respondent was closely involved in all ten bankruptcy filings: he personally filed two cases and was attorney of record in the other cases; and he was the representative and counsel in the six bankruptcy cases filed by the corporation he formed. *Id.* Second, the Bankruptcy Court found nine of the ten cases were filed with only a skeletal petition, Respondent failed to file required petition documents and schedules resulting in dismissal of the cases, and Respondent made false statements in the related case disclosure in multiple petitions he signed. *Id.* Third, seven out of the ten cases were filed immediately after dismissal of the prior case. *Id.* Additionally, after the court determined the corporation's bankruptcy filings involved a scheme to hinder and delay creditors in the seventh and eighth bankruptcy cases, Respondent, as the corporation's representative and counsel, continued to cause the corporation to file more bankruptcy cases. *Id.* Finally, the Bankruptcy Court found the formation of the corporation and the transfer of title of his personal residence by Respondent and his wife to the corporation strongly indicated the corporation was established for the sole purpose of filing the bankruptcy cases. *Id.*

The Bankruptcy Court concluded Respondent's abusive filings violated Rule 9011(b)(1) because: (i) Respondent's "pattern of abusive behavior supports the inference that the bankruptcy petitions, when filed, were filed with an improper purpose, that is solely for purposes of delay and harassment, rather than any genuine intent to utilize the substantive protections of the Bankruptcy Code"; and (ii) no facts indicated that there was an objectively reasonable basis for Respondent's pattern of behavior. *Id.* at 10:13–11:12. As a result, Respondent was suspended from the practice of law before the Bankruptcy Court for two years. *Id.* at 11:9–28. After the two years expires, Respondent's reinstatement is conditioned on his completion of 10 hours of continuing legal education in ethics and proof of good standing with the State Bar of California. *Id.*

      B.      <u>This Reciprocal Disciplinary Proceeding</u>

Upon receipt of the Bankruptcy Court's decision and order, this Court issued an Order to Show Cause directing Respondent to show cause why he should not be suspended from the practice of law before this Court as a result of his suspension by the Bankruptcy Court. Dkt. # 1. Respondent filed a timely response contesting the imposition of reciprocal discipline. *Resp.*

II.      <u>Legal Standard</u>

When an attorney is "suspended . . . from the practice of law by the order of any United States Court, or by the Bar, Supreme Court, or other governing authority of any State," this Court's Local Rules suggest that suspension is appropriate here as well. *See* L.R. 83-3.2.1, 83-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00259 PSG | Date | November 15, 2023 |
|---|---|---|---|
| Title | In re Benjamin S. Nachimson | | |

3.2.3. To avoid reciprocal discipline, an attorney suspended from another court must set forth facts establishing at least one of four enumerated exceptions: (a) the procedure in the other court was "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process"; (b) "there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusion(s)" regarding Respondent's misconduct; (c) "imposition of like discipline would result in a grave injustice"; or (d) "other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s)." L.R. 83-3.2.3; *see also In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). The attorney has the burden to show by clear and convincing evidence that reciprocal discipline should not be instituted. *Kramer*, 282 F.3d at 724–25.

III.   Discussion

Respondent has failed to carry his burden to avoid the imposition of reciprocal discipline. Respondent's response fails to acknowledge any of the exceptions precluding the imposition of reciprocal discipline. Respondent's two-paragraph response cursorily asserts that reciprocal discipline should not be imposed because there was no finding of fraud, no evidence he committed a crime, and no evidence he misappropriated funds. *Resp.* 2:1–8. However, those factors are not prerequisites for the imposition of reciprocal discipline and do not establish any of the exceptions precluding the imposition of reciprocal discipline. Moreover, nothing in the record, as set forth in the memorandum of decision, suggests that any of the exceptions precluding the imposition of reciprocal discipline apply.

First, there is no basis to find Respondent was deprived of due process during the Bankruptcy Court disciplinary proceeding because, as outlined above, he was provided with notice of the allegations against him and a meaningful opportunity to be heard, both in writing and orally at the disciplinary hearing. *See Austin v. Univ. of Oregon*, 925 F.3d 1133, 1139 (9th Cir. 2019) (noting that the hallmarks of procedural due process are "notice and a meaningful opportunity to be heard"). Second, there is no basis to find there was an infirmity of proof establishing Respondent's misconduct in the Bankruptcy Court disciplinary proceeding as Respondent admitted to the facts alleged against him in his written response and at the disciplinary hearing.

Third, there is no basis to conclude the "imposition of like discipline would result in a grave injustice." Local Rule 83-3.2.3(c). In determining whether a grave injustice would result from the imposition of reciprocal discipline, courts "inquire only whether the punishment imposed by another disciplinary authority or court was so ill-fitted to an attorney's adjudicated misconduct that reciprocal disbarment would result in grave injustice." *Kramer,* 282 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00259 PSG | Date | November 15, 2023 |
|---|---|---|---|
| Title | In re Benjamin S. Nachimson | | |

727. Here, Respondent attempts to minimize his misconduct by stating there was no finding of fraud, no evidence he committed a crime, and no evidence he misappropriated any funds. *Resp.* 2:1–8. He also states the "Bankruptcy Court noted that the attorney's actions were not fraud per se and that the filings were simply not for a proper purpose." *Id.* at 2:4–6.

Respondent's attempts to minimize his misconduct are not persuasive. To start, the Bankruptcy Court never stated that Respondent's actions were not fraud per se. *See Mem. of Decision*. As outlined above, the Bankruptcy Court found Respondent engaged in a pattern of abusive filings for the purpose of delay and harassment. As part of this pattern, Respondent made false statements in related case disclosures and continued to file bankruptcy petitions for an improper purpose even after the Bankruptcy Court determined the corporation's bankruptcy filings involved a scheme to hinder and delay creditors. It is irrelevant that the Bankruptcy Court did not expressly find that Respondent committed fraud or a crime as those are not the only grounds for which a court can impose reciprocal discipline.

Furthermore, the Bankruptcy Court's findings of misconduct are proportionate to the discipline imposed. The Bankruptcy Court found that Respondent's pattern of abusive filings violated Federal Rule of Bankruptcy Procedure 9011(b)(1). "Rule 9011(b) imposes on attorneys, and also on unrepresented parties, the obligation to insure that all submissions to a bankruptcy court are truthful and for proper litigation purposes." *In re DeVille*, 361 F.3d 539, 543 (9th Cir. 2004). Rule 9011 parallels Federal Rule of Civil Procedure 11. *Id.* at 550 n.5. Respondent's actions in knowingly and purposefully abusing the judicial system by filing bankruptcy petitions for an improper purpose is not to be taken lightly. The imposition of a two-year suspension is an appropriate sanction.

Finally, there is no basis to conclude that any other "substantial reasons" exist to reject the conclusions of the Bankruptcy Court disciplinary proceeding. L.R. 83.3.2.3(d). Respondent asserts the Bankruptcy Court limited its ruling to the practice of bankruptcy law and any misconduct is solely related to the practice of bankruptcy law. *Resp.* 1:24–26. The Bankruptcy Court suspended Respondent only from the practice of law before the Bankruptcy Court because the Bankruptcy Court only has jurisdiction over the bar of its court. Nothing in the Bankruptcy Court's decision suggests the imposition of reciprocal discipline in this Court would be improper. Moreover, Respondent's misconduct, which involved abusing the judicial system, has implications beyond just bankruptcy law. Accordingly, because none of the exceptions to the imposition of reciprocal discipline are apparent from the record and Respondent has failed to carry his burden in establishing otherwise, Respondent has failed to show good cause why he should not be suspended from the Bar of this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00259 PSG | Date | November 15, 2023 |
|---|---|---|---|
| Title | In re Benjamin S. Nachimson | | |

IV.   Conclusion

   For these reasons, it is ordered that Respondent is **SUSPENDED** from the Bar of this Court.

   Respondent may apply to be reinstated to the Bar of this Court upon submission of proof that he has been reinstated as an active member in good standing of the Bankruptcy Court. *See* L.R. 83-3.2.4. An attorney registered to use this Court's Electronic Case Filing System who is suspended by this Court shall not have access to file documents electronically until the attorney has been reinstated to the Bar of this Court.

   **IT IS SO ORDERED.**